# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **SHAWN GUESS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 5:25-CV-00427-CAR-CHW** |
| | : | |
| **v.** | : | |
| | : | |
| **STEVEN WHEELER,** *et al.***,** | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendants.** | : | |

## ORDER

*Pro se* Plaintiff Shawn Guess, aka James Shawn Guess, a prisoner at Central State Prison in Macon, Georgia has filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  Plaintiff has also filed a motion to proceed *in forma pauperis* (ECF No. 2) and a motion for the appointment of an attorney (ECF No. 3).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 2) is hereby **GRANTED**.  However, even if a prisoner is allowed to proceed *in forma pauperis*, he must pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.  When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows deposits totaling $1850 for the preceding six months with an average monthly deposit of $308.33.   ECF No. 2-1 at 1. Twenty percent of $308.33 is $61.67.   Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $61.67.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.    Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   In accordance with the provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is further

**ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

 II. <u>Plaintiff's Obligations Upon Release</u>

 Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

 In conclusion, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $61.67. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## MOTION FOR THE APPOINTMENT OF AN ATTORNEY

Plaintiff has moved this Court to appoint him an attorney.   ECF No. 3.   A district court "may request an attorney to represent any person unable to afford counsel."[1]   28 U.S.C. § 1915(e)(1).   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (citations omitted).   Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."   *Id.* (citations omitted).   In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination."   The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*,

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case.   *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (per curiam) (citations omitted) (stating that the district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915(e)(1) provides no such authority).

691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified.   Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court.   Plaintiff's case is not complex. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses.   Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary.   *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

Accordingly, Plaintiff's motion seeking appointed counsel (ECF No. 3) is **DENIED**.   Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.   Consequently, there is no need for Plaintiff to file additional requests for counsel.

## INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).   In this case, Plaintiff states that he has been experiencing vision loss due to cataracts since 2016.

ECF No. 1 at 6-7.   Plaintiff states that after an office visit with an ophthalmologist from Upson Eye Clinic in December 2023, he was informed that he would have cataract surgery in January or March 2024.   *Id*. at 7.   Plaintiff complains that he has never received that surgery and that he now suffers from "near total blindness".   *Id*. at 7-8. Plaintiff raises a claim under the Eighth Amendment for deliberate indifference to a serious medical need.   *Id*. at 4,   Plaintiff seeks injunctive relief and court costs.   *Id*. at 9.

Plaintiff names Centurian Managed Care, CEO Steven Wheeler, COO John Frese, Chief Medical Officer Dr. Arnold, Department of Corrections Commissioner Tyrone Oliver, and Warden David Stokes as Defendants.   *Id*. at 1-4.   However, there are no allegations whatsoever within his complaint which specifically link Defendants Wheeler, Frese, Arnold, Oliver, or Stokes to any unconstitutional act.   *See id*. at 5-8.   A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.   *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) ("[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation.") (quotation marks and citations

omitted). Because Plaintiff does not link his claims to any of these Defendants, his complaint is subject to dismissal.

If Plaintiff is pursuing his claims based exclusively on the supervisory roles of Defendants Wheeler, Frese, Arnold, Oliver, and Stokes, Plaintiff's claims would still be subject to dismissal. It is well-settled in the Eleventh Circuit that supervisory officials such as Prison Commissioners, Chief Executives, and Wardens cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762.

Plaintiff has made no showing of a causal connection between any action of any Defendant in a supervisory role and the injuries Plaintiff suffered from being denied cataract surgery. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making

officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

As to Defendant Centurian Managed Care, private contractors who provide prison services such as this Defendant cannot be held liable under § 1983 unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality); *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("A municipality may not be held liable under section 1983 on a theory of respondeat superior."); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (holding that for a municipality to be liable under § 1983, the plaintiff must "establish that the government unit has a 'policy or custom' that caused the injury.").

Plaintiff has alleged that Defendant Centurian Managed Care does have a custom of providing cataract surgery for prisoners at Central State Prison but just has not done so for

him. ECF No. 1 at 6-8. Because Plaintiff has failed to demonstrate that Centurian Managed Care has a custom or policy of denying cataract surgery, his claims as to Centurian Managed Care are also subject to dismissal.

It thus appears upon preliminary review that Plaintiff's complaint is subject to be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted. Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is now required to submit a recast complaint if he wishes to proceed. Plaintiff is advised that to support a claim of deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that his own conduct put the inmate at substantial risk of serious harm"; (2) disregarded that risk; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he

is pursuing in this action.   It is recommended that, when drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1)     *How* and *when* did the Defendant become aware of your serious medical need?

(2)     *What* did this Defendant do (or not do) in response to this knowledge?

(3)     Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?   If not, how did his/her actions otherwise cause the unconstitutional action?   How do you know?

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form.   Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading).   Thus, Plaintiff's amended complaint will take the place of his original complaint.   In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.   Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the

body of his complaint against a named Defendant, that Defendant will be dismissed.   If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (citing   Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences".).

Plaintiff should state his claims as simply as possible.   He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   Plaintiff is not to include any exhibits or attachments with his complaint.   ***The recast complaint cannot be longer than ten pages in its entirety***.

## CONCLUSION

As set forth above, Plaintiff's motion for the appointment of counsel (ECF No. 3) is **DENIED**.   Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $61.67.   Plaintiff is further **ORDERED** to recast his complaint on the Court's standard form.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint and to pay the partial initial filing fee as instructed.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**

There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 24th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge